UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

YOUR PREFERRED PRINTER, LLC                CIVIL ACTION

VERSUS                                     NO: 11-2954

UNITED WHOLESALE, LLC, ET AL.              SECTION: R(1)

**ORDER AND REASONS**

Defendant United Wholesale, LLC moves the Court to set aside default as to United Wholesale.[1] Because United Wholesale has shown good cause, the Court GRANTS the motion.

**I.   BACKGROUND**

This intellectual property dispute arises out of the use of a mock keyless vehicle entry device used in connection with promotional automobile dealership advertisements.[2] Plaintiff Your Preferred Printer, LLC ("YPP") provides print and mail services to the direct mailing industry; its clients include automobile dealerships. YPP provides the dealerships with fliers affixed with a mock keyless entry device, which the dealerships then send out to customers.

Defendant United Wholesale also distributes a mock keyless vehicle entry device, invented by defendant Don Druse, which they

---

[1]   R. Doc. 11.

[2]   R. Doc. 1.

call the AUTO-intelliKEY.[3]  United Wholesale asserts that it owns trademark rights in the mark AUTO-intelliKEY and trade dress rights in the design of the marketing materials and package.[4]  On November 21, 2011, United Wholesale's attorney, Bryan Butcher, sent YPP a cease-and-desist letter.[5]  The letter alleged that YPP produced and/or distributed a "knock off" product of the AUTO-intelliKEY and requested YPP to cease any further use, advertising, marketing, or production of the product.  The letter threatened legal action if YPP did not confirm its intention to cease and desist.

YPP filed this declaratory action against United Wholesale and Don Druse on November 30, 2011.[6]  YPP seeks a declaration that United Wholesale has no trade dress, trademark, or patent rights in the AUTO-intelliKEY, that YPP's product does not infringe any trade dress or trademark rights of United Wholesale, and that United Wholesale cannot assert any intellectual property claims against YPP.  YPP also seeks damages under the Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the Louisiana Unfair Trade Practices Act, La. Rev. Stat. § 51:1405, *et seq.*

---

[3]  R. Doc. 11-4, Dec. of Don Druse, at ¶¶1-3.

[4]  *Id.* at ¶4.

[5]  R. Doc. 1-5 at 1.

[6]  R. Doc. 1.

On December 1, YPP sent United Wholesale a Notice of a Lawsuit and Request to Waive Service of a Summons to Bryan Butcher, 200 N. Michigan Avenue, Suite 500, Chicago, Illinois, 60601.[7] Butcher is listed as United Wholesale's agent on the Illinois Secretary of State's website; his street address is listed as 200 N. Michigan Avenue, Suite 500.[8] The same address appears on the cease and desist letter Butcher sent YPP on November 21, 2011.[9] A tracking slip from Federal Express dated December 2, 2011, however, indicates that Federal Express failed to deliver the waiver of summons due to an "incorrect address" because the "recipient moved."[10]

On January 5, 2012, YPP requested that summons be issued as to United Wholesale in care of Bryan Butcher at 600 N. Fairbanks Court, #1509, Chicago, Illinois, 60611.[11] Illinois' Attorney Registration website lists this address as Butcher's registered business address.[12] The summons was served on January 9, 2012.[13] Butcher was out of town when the summons was served and received

---

[7]   R. Doc. 9-5.

[8]   R. Doc. 9-3.

[9]   R. Doc. 9-4.

[10]  R. Doc. 9-5 at 1-2.

[11]  R. Doc. 6.

[12]  R. Doc. 15-1.

[13]  R. Doc. 8.

it when he returned on January 14, 2012.[14]  He contacted Druse on January 20, 2012, but was unable to give him the complaint at that time.[15]  When United Wholesale failed to answer the complaint by January 30, 2012, pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), YPP moved for entry of default on January 31, 2012.[16]  The Clerk of Court entered default on February 1, 2012.[17]

United Wholesale now moves the court to set aside the default.  United Wholesale contends that the failure to respond was not willful because it took action as soon as it learned of the default.[18]  United Wholesale also contends that YPP will not be prejudiced if the default is set aside because only a short time has passed since United Wholesale's answer was due.[19]  Finally, United Wholesale contends that it has the following meritorious defense: improper service of process; lack of personal jurisdiction; and various defenses on the merits.[20]

---

[14]  R. Doc. 11-9, Dec. of Bryan Butcher, at ¶¶5-7.

[15]  *Id.* at ¶9.

[16]  R. Doc. 9.

[17]  R. Doc. 10.

[18]  R. Doc. 11-1 at 11.

[19]  *Id.* at 12.

[20]  R. Doc. 11.

YPP opposes the motion.[21] YPP contends that United Wholesale knew of the Louisiana suit before it was served because United Wholesale referred to a "potential action in Louisiana against [United Wholesale]" in a motion filed in the United States District Court for the Northern District of Illinois.[22] YPP argues that United Wholesale's default was willful because despite actual knowledge of the complaint, United Wholesale failed to respond in time. YPP also contends that it will be prejudiced if the default is set aside because the evidence on which it will rely - physical copies of United Wholesale's marketing materials - is held by third parties with no obligation to retain those materials. Finally, YPP contends that United Wholesale fails to submit facts that support a meritorious defense.

**II. STANDARD**

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In determining whether good cause exists to set aside an entry of default, the Court considers: whether the default was willful; whether setting it aside would prejudice the adversary; whether a

---

[21]   R. Doc. 15.

[22]   R. Doc. 15-2.

meritorious defense is presented; whether the public interest was implicated; whether there was significant financial loss to the defendant; and whether the defendant acted expeditiously to correct the default. *Jenkins & Gilchrest v.Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008). The Court need not necessarily consider each of these factors; "the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause.'" *Id.* The wilfulness and meritorious defense factors, however, may be dispositive.

## III. DISCUSSION

Having considered the parties' respective arguments, the Court grants United Wholesale's motion to set aside the default. First, the Court finds that United Wholesale has presented a number of potentially meritorious defenses, including procedural defenses and defenses on the merits. Second, United Wholesale acted expeditiously to cure its default. The Court entered default on February 1, 2012, and United Wholesale filed its motion to set aside default on February 10, 2012. A delay of nine days does not amount to prejudice to YPP. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)("mere delay alone does not constitute prejudice"); *Lambert v. Bd. of Comm'rs of the Orleans Levee Dist.*, No. 05-5931, 2006 WL 1581262, at *3 (E.D. La. June 7, 2006)(no prejudice to plaintiff when litigation is in

6

its early stages). Further, YPP's suspicions that evidence will be discarded is not enough to overcome the strong preference for a decision on the merits. *See Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)("Doubt should be resolved in favor of a judicial decision on the merits of a case . . . ."). Accordingly, the Court finds that YPP will not be prejudiced by setting aside the default.

Although Butcher was not a paragon of diligence, the Court must resolve any doubt in favor of securing a trial on the merits. *Jenkins*, 542 F.3d at 123 (when defaulting party demonstrates meritorious defenses and a lack of prejudice, any doubts should be resolved in favor of defaulting party). Butcher, United Wholesale's agent, asserts that he contacted Druse about the lawsuit on January 20, 2012, but was unable to provide him with a copy of the complaint at that time.[23] Druse asserts that, after a severe illness, he met with Butcher regarding the lawsuit on February 2, at which point he received a copy of the complaint.[24] Despite United Wholesale's putative knowledge of the lawsuit, the Court finds that United Wholesale's failure to file a timely answer amounts to excusable neglect, not willful conduct. *See Jenkins*, 542 F.3d at 123 (no finding of willful default even though defaulting party had notice of action

---

[23] R. Doc. 11-9, Dec. of Bryan Butcher, at ¶¶8-9.

[24] R. Doc. 11-4, Dec. of Don Druse, at ¶¶14-16

from other source than summons); *Blois*, 612 F.2d at 940 ("The [party] should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct.").

Accordingly, the Court finds that United Wholesale has shown good cause for setting aside the entry of default against it.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion to set aside default entered against United Wholesale on February 1, 2012. The Court grants United Wholesale leave to file a responsive pleading within 20 days.

New Orleans, Louisiana, this 23rd day of April, 2012.

_____Sarah Vance_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE