UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YOUR PREFERRED PRINTER, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2954-SSV-SS** |
| **UNITED WHOLESALE, LLC and<br>DON DRUSE** | |

## ORDER

DEFENDANTS' MOTION TO QUASH/STAY DISCOVERY (Rec. Doc. 48)

**GRANTED IN PART AND DENIED IN PART**

On May 25, 2012, United Wholesale, LLC, ("UW"), and Don Druse, ("Druse"), or collectively as, ("Defendants"), filed a motion to quash Your Preferred Printer's, LLC, ("YPP"), discovery and stay further discovery in this case until the District Court rules on the Defendants' pending motions.[1] On June 5, 2012, the YPP filed a memorandum in opposition to the Defendants' motion. Rec. doc. 53. UW and Druse filed a reply. Rec. doc. 68.

## BACKGROUND

UW asserts that its founder and general manager, Druse, invented the "AUTO-intelliKEY," a keyless entry device to be used with automobile dealership advertisements. Rec. doc. 48-1 at 2. Further, UW claims it was the first to create this type of marketing product which has become very commercially successful; and as a result the products have acquired distinctiveness in the minds of the consumers in that specific marketplace. Rec. doc. 48-1 at 2. UW alleges it owns trademark rights in the mark, "AUTO-intelliKEY," and trade dress rights in the design of the marketing materials and package. Rec. doc. 48-1 at 2.

---

[1] Druse filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), rec. doc. 36, while UW filed a motion to "transfer, stay, or dismiss based on prior pending lawsuit and forum non conviens" pursuant to 28 U.S.C. Sec. 1404(a). Rec. doc. 44.

On April 20, 2012, UW filed a lawsuit in Illinois federal court against Traffic Jam Events, a Louisiana company, for trademark infringement, false designation of origin, false description of representation, false advertising, and related unfair competition. Rec. doc. 48-1 at 2. UW named YPP in that suit as a possible co-conspirator, although it was not named a defendant. Rec. doc. 48-1 at 2. After UW learned of YPP's involvement in the infringements, it sent YPP a letter demanding it cease and desist from further infringement. Rec. doc. 48-1 at 2. In response, YPP filed this action for declaratory judgment against UW and Druse. Rec. doc. 48-1 at 3. YPP alleges that UW has engaged in unfair competition, unfair patent marketing, and injury to business reputation, and seeks a declaration regarding its rights. Rec. doc. 53 at 3.

The Defendants claim they have filed Motions to Dismiss and/or Transfer pursuant to FRCP 12(b)(2) and 12(b)(6) in response to YPP's suit. Rec. docs. 36 and 44. Further, the Defendants' assert that YPP's discovery requests are premature while the motions to dismiss are pending in the instant matter. Rec. doc. 48-1 at 3. However, YPP notes that the instant matter largely stems from UW's untimely responses throughout this proceeding.[2] YPP further argues that UW did not assert any Rule 12(b) defenses along with its Motion to Transfer, Stay or Dismiss and thus has waived its right to bring any Rule 12(b) motion, the granting of which would result in the dismissal of YPP's complaint. Rec. doc. 53 at 6. Thus, YPP argues that UW has not submitted a motion that would eliminate the need for discovery if it was granted. Rec. doc. 53. Also, while YPP acknowledges that Druse has individually filed a motion to dismiss pursuant to Rule 12(b)(2) and 12(b)(6); it claims that this motion will fail because Druse personally engaged in tortiuous conduct, and thus is personally liable in the instant matter. Rec. doc. 53 at 9.

---

[2] YPP served UW with summons following UW's failure to promptly respond to the original service. UW then failed to file any sort of response and default was entered against it on February 2, 2012. Rec. doc. 53 at 4. UW had the judgment set aside on April 23, 2012, and finally filed its first response on May 14, 2012. Rec. doc. 53 at 4.

The court issued the Scheduling Order on April 5, 2012, and set the deadline for the completion of discovery at October 30, 2012. Rec. doc. 53 at 5. Trial is set to commence on December 10, 2012. Rec. doc. 53 at 5. Further, YPP contacted counsel for the Defendants on May 16, 2012, in order to conduct a Rule 26(f) conference so it could issue discovery requests to UW and Druse. Rec. doc. 48-1 at 3. The Defendants claim that they advised YPP that such requests would be premature for the instant matter. Rec. doc. 48-1 at 3. Defendants allege that YPP's counsel understood and acknowledged their position but nevertheless issued discovery requests before the matter was discussed again. Rec. doc. 48-1 at 3.

## ANALYSIS

The Defendants have asked this court to quash and/or stay discovery proceedings until their motions have been ruled on. Courts in this district are accorded the discretion to stay discovery where the disposition of a motion to dismiss might preclude the need for the discovery entirely. *See* Landry v. Air Line Pilots Ass'n International AFL-CIO, 901 F.2d 404, 436 (5th Cir. 1990). In determining whether a stay of discovery is appropriate, courts are to balance any harm produced by a stay against the possibility that a motion to dismiss would be granted. *See* Dresser v. MEBA Medical and Benefits Plan, 08-2662, 2008 WL 2705584 (E.D. La. July 10, 2008).

Such a determination is not applicable to UW's motion to quash/stay discovery because YPP is correct in its assertion that UW failed to bring any Rule 12(b) motion along with its Motion to Transfer, Stay or Dismiss. Thus, the first requirement for a stay in discovery is not met because there is not the requisite pending motion, which if resolved will make any discovery on the matter unnecessary. UW's motion to quash/stay discovery is denied.

Druse has, in an individual capacity, filed a responsive motion to the complaint pursuant to Rule 12(b)(2) and 12(b)(6). Rec. doc. 53 at 8. Druse's 12(b)(6) motion alleges that YPP's

3

complaint does not include sufficient allegations against Druse personally. Rec. doc. 53 at 8. YPP counters that Druse committed intentional torts as a corporate officer of UW, and is thus personally liable to YPP. Rec. doc. 53 at 8. In his 12(b)(2) motion, Druse claims that he is protected from being hauled into this forum by the fiduciary shield doctrine. Rec. doc. 53 at 9. YPP claims that, because Druse's tortious conduct was aimed at the forum state, this court has personal jurisdiction over him.

While YPP may have valid arguments concerning Druse, it has failed to show that it would suffer harm through a stay in discovery regarding Druse. *See* Dresser, 08-2662, 2008 WL 2705584. Further, since YPP asserts identical claims against both Defendants, it is possible Druse will prevail on his Rule 12(b) motions thus making any discovery involving the claims against Druse unnecessary. Id. Because Druse has filed motions which when resolved may preclude the need for discovery, the court grants Druse's motion to quash/stay discovery.[3]

## **CONCLUSION**

IT IS ORDERED that: the Defendants' motion to quash/stay discovery (Rec. doc. 48) is GRANTED in part, and DENIED in part.

New Orleans, Louisiana, this 14th day of June, 2012.

**SALLY SHUSHAN**
**United States Federal Magistrate**

---

[3] The court's denial does not prevent YPP from deposing Druse during discovery. As UW's founder and general manager, Druse is likely an important witness in this matter. Fed. R. Civ. P. 26(b)(1).

4