UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

YOUR PREFERRED PRINTER, LLC                CIVIL ACTION

VERSUS                                     NO: 11-2954

UNITED WHOLESALE, LLC, ET AL.              SECTION: R(1)

## ORDER AND REASONS

Defendants United Wholesale, LLC and Don Druse move the Court to transfer based on the first-filed doctrine.[1] Because the issues raised in this case substantially overlap with the issues in the Northern District of Illinois case, the Court GRANTS the motions.

I.  BACKGROUND

This intellectual property dispute arises out of the use of a mock keyless vehicle entry device used in connection with promotional automobile dealership advertisements.[2] Plaintiff Your Preferred Printer, LLC ("YPP") provides print and mail services to the direct mailing industry; its clients include automobile dealerships. YPP provides the dealerships with fliers affixed with a mock keyless entry device, which the dealerships then send out to customers.

---

[1] R. Docs. 44 and 36.

[2] R. Doc. 1.

Defendant United Wholesale also distributes a mock keyless vehicle entry device, invented by defendant Don Druse, which it calls the AUTO-intelliKEY.[3] United Wholesale asserts that it owns trademark rights in the mark AUTO-intelliKEY and trade dress rights in the design of the marketing materials and package.[4] On April 20, 2011, United Wholesale filed a suit in the Northern District of Illinois against Traffic Jam Events, a Louisiana company.[5] United Wholesale alleged that Traffic Jam developed a false mark confusingly similar to United Wholesale's and marketed it to third parties. United Wholesale sought a declaration that it has common law trademark rights in the Auto-intelliKEY and that Traffic Jam is precluded from obtaining relief from United Wholesale for trademark infringement.[6] United Wholesale also sought damages under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2, *et seq.*; and common law trademark infringement. Although United Wholesale did not name YPP as a defendant initially, United Wholesale alleged in the complaint that Traffic Jam "used an authorized distributor of [United Wholesale] to send examples of [United Wholesale's] Mark to a

---

[3] R. Doc. 11-4, Dec. of Don Druse, at ¶¶1-3.

[4] *Id.* at ¶4.

[5] R. Doc. 39-2.

[6] *Id.* at 3-4.

third-party, 'Your Preferred Printer,' a Louisiana Corporation, to intentionally copy, replicate and use as a template for a product to mimic [United Wholesale's] Mark."[7]

On November 21, 2011, United Wholesale's attorney, Bryan Butcher, sent YPP a cease-and-desist letter.[8] The letter alleged that YPP produced and/or distributed a "knock off" product of the AUTO-intelliKEY and requested that YPP cease any further use, advertising, marketing, or production of the product. The letter threatened legal action if YPP did not state its intention to cease and desist. YPP then filed this declaratory action against United Wholesale and Don Druse on November 30, 2011.[9] YPP seeks a declaration that United Wholesale has no trade dress, trademark, or patent rights in the AUTO-intelliKEY, that YPP's product does not infringe any trade dress, trademark, or patent rights of United Wholesale, and that United Wholesale cannot assert any intellectual property claims against YPP. YPP also seeks damages under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); the Louisiana Unfair Trade Practices Act, La. Rev. Stat. § 51:1405, *et seq.*; for false patent marking, 35 U.S.C. § 292; and for injury to business reputation, La. Rev. Stat. § 51:223.1.

---

[7] *Id.* at 3.

[8] R. Doc. 1-5 at 1.

[9] R. Doc. 1.

United Wholesale moved to add YPP as a defendant in the Illinois action on December 29, 2011,[10] and filed an amended complaint on January 12, 2012.[11] United Wholesale added YPP and Platinum Plus Printing, LLC as defendants, alleging that they "mimicked, copied, adopted, and used as a template" United Wholesale's mark and trade dress and "produced, marketed and advertised a knock off version" of the mark and trade dress without authorization.[12] United Wholesale sought a declaration that it has trademark and trade dress rights in the Auto-intelliKEY, and that defendants are precluded from obtaining relief from United Wholesale for trademark or trade dress infringement.[13] In addition, United Wholesale sought damages under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1, *et seq.*; and common law unfair competition and trademark infringement. YPP moved to dismiss for lack of personal jurisdiction and improper venue, which the court denied without prejudice.[14] The court did, however, allow the parties

---

[10]   R. Doc. 50-5.

[11]   R. Doc. 50-6.

[12]   *Id.* at 2-3.

[13]   *Id.* at 5.

[14]   R. Doc. 60, No. 11-2637 (N.D. Ill.).

4

to conduct limited jurisdictional discovery, which remains ongoing.

After ordering entry of default against United Wholesale in the Louisiana action at YPP's behest,[15] the Court ordered the default set aside.[16] On April 13, 2012, United Wholesale and Druse filed a Notice of Related Case in this Court, regarding the Illinois action.[17] United Wholesale and Druse, in separate motions, now move the Court to transfer this action to the Northern District of Illinois, or to stay or dismiss based on the "first-to-file" doctrine. In the alternative, Druse moves to dismiss pursuant to Federal Rule of Procedure 12(b)(2) and 12(b)(6). United Wholesale moves in the alternative to transfer, stay or dismiss based on the doctrine of *forum non conveniens*.

**II. STANDARD**

The Fifth Circuit recognizes the first-filed principle, which promotes comity between federal district courts. "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp.*,

---

[15] R. Doc. 10.

[16] R. Doc. 38.

[17] R. Doc. 37.

665 F.3d 671, 677 (5th Cir. 2011)(quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)("[i]n the absence of compelling circumstances the court initially seized of the controversy should . . . decide whether it will try the case").

To determine whether the issues substantially overlap, the court looks at whether the core issues are the same, or if much of the proof adduced would likely be identical. *Int'l Fidelity*, 665 F.3d at 678 (quoting *Mann Mfg., Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)). If overlap is less than complete, the court considers "such factors as the extent of the overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Id.* (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)). Furthermore, the second-filed court need only determine whether there is a likelihood of substantial overlap; it is up to the first-filed court to determine whether there actually is a substantial overlap that requires consolidation. *West Gulf*

*Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985)(quoting *Mann*, 439 F.2d at 408).

**III. DISCUSSION**

At the outset, YPP contends that the first-to-file doctrine does not apply to this case. YPP argues that because it was not initially named as a defendant in the Illinois action, the Louisiana action, not the Illinois action, is the first-filed action. The Fifth Circuit has held that "[c]omplete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action." *Save Power*, 121 F.3d at 951 (5th Cir. 1997). *See also Cadle*, 174 F.3d at 602, 606 (upholding district court determination that the mere presence of dissimilar parties did not warrant dismissal). This is true even though United Wholesale did not join YPP as a defendant until after YPP filed the Louisiana action. *See Am. Home Mortg. Serv. v. Triad Guar. Ins.*, 714 F. Supp. 2d 648, 651 (N.D. Tex. 2010)(noting that transfer is appropriate when defendant could be joined in first-filed case); *Cal. Sec. Co-op, Inc. v. Multimedia Cablevision, Inc.*, 897 F. Supp. 316, 318 (E.D. Tex. 1995)(transfer appropriate when one defendant was included in the first-filed action by reference, even though it was not included as a party). Further, that YPP filed this action after United Wholesale referenced YPP's marketing efforts in Louisiana

in its initial complaint, and after United Wholesale sent the cease and desist letter, implies the type of forum shopping the first-to-file doctrine seeks to avoid. *See Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 721 n.3 (5th Cir. 2010)(applying the False Claim Act's first-to-file rule and finding that "Plaintiffs' attempts at forum shopping constitute the opportunistic and parasitic behavior that the FCA seeks to preclude").

Even if the Illinois action is the first-filed action, YPP contends that transfer is not proper because the issues in the two cases do not substantially overlap.[18] YPP further contends that venue is improper in the Illinois court, and that the Illinois court lacks personal jurisdiction over YPP. The Court can quickly dispose of this argument because the Fifth Circuit has held that establishing jurisdiction in the first-filed court "is never a condition precedent" to applying the first-to-file doctrine. *Cadle*, 174 F.3d at 605. *See also Flies v. Sun Life Ins. Co. of Canada*, No. 1:10-CV-484-HSO-JMR, 2011 WL 1832735, at *4 (S.D. Miss. May 12, 2011)(transferring case to first-filed court over plaintiff's objection that first-filed court lacked personal jurisdiction); *Kimberly-Clark Worldwide, Inc. v. Arquest, Inc.*, No. 3:07-CV-2078-G, 2008 WL 1710905, at *1 (N.D. Tex. Apr. 11, 2008)(same).

---

[18]   *Id.* at 4-5.

Further, the Court finds that the issues in the two actions substantially overlap. Each case centers on the validity of United Wholesale's marks. In the Illinois action, United Wholesale seeks a declaration that it has common law trademark rights to use the AUTO-intelliKEY and like products in commerce. United Wholesale also seeks a declaration that defendants are precluded from asserting trademark infringement claims and requests damages for defendants' infringement of the AUTO-intelliKEY. In the Louisiana action, YPP seeks a declaration that United Wholesale and Druse have no trade dress rights in the AUTO-intelliKEY, as well as a declaration of trademark non-infringement with respect to the AUTO-intelliKEY. Because each action focuses on the validity of the marks and whether, if valid, those marks were infringed, the Court finds that there is substantial overlap between the two actions. *See Promold & Tool, LLC v. Polylok, Inc.*, No. 3:11-CV-00660, 2012 WL 1947207, at *2 (W.D. Ky. May 30, 2012)(finding nearly identical issues when defendants claimed plaintiff infringed their patent in first action, and in second action, plaintiffs sought declaration that defendant's patent was invalid, or that it did not infringe the patent). The cases YPP cites deal with wholly different claims, and as such, the Court does not find them persuasive. *See L-3 Comms. Integrated Sys., L.P. v. Lockheed Martin Corp.*, No. 07-CV-0341-B, 2008 U.S. Dist. LEXIS 1654, at *6 (N.D. Tex. Jan. 8,

2008)(first case claimed unlawful use of proprietary data, and second case claimed anti-competitive conduct and tortious interference with a contract); *Rooster Prods. Int'l, Inc. v. Custom Leathercraft Mfg. Co., Inc.*, No. 04-CA-864, 2005 U.S. Dist. LEXIS 1643, *6 (W.D. Tex. Feb. 1, 2005)(no overlapping causes of action).

Further, that each suit raises claims not present in the other does not counsel against adhering to the first-to-file doctrine.  United Wholesale's claim against YPP for violation of the Illinois Uniform Deceptive Trade Practices Act and YPP's claims of false patent marking, unfair competition, and injury to business reputation all arise out of the same course of dealing between the parties and out of the manner in which YPP marketed their mock keyless entry device.  *Cf. Int'l Fidelity*, 665 F.3d at 678 ("core issues" were different where the parties' claims were not dependent on each other).  Moreover, all of those claims would be compulsory counterclaims to United Wholesale's first-filed action.  *See* Fed. R. Civ. P. 13(a).  Under that rule, a counterclaim is compulsory if it both "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction."  *Id.*  The Fifth Circuit has held that if "issues of fact and law raised by the claim and counterclaim are largely the same," that

counterclaim is compulsory. *Tank Insulation Intern, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85 (5th Cir. 1997). Here, the two suits involve the same products, the same parties, and the same course of dealing. YPP's claims, while not identical to those of United Wholesale, arise out of the same transaction or occurrence as United Wholesale's claims and are therefore compulsory. This conclusion supports a finding of substantial overlap between the two actions. *See Ruckus Wireless, Inc. v. Harris Corp.*, No. 11-CV-01944-LHK, 2012 WL 588792, at *3 (N.D. Cal. Feb. 22, 2012)(presence of compulsory counterclaims weighs in favor of following the first-to-file rule); 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1418 (3d ed. 2001)("Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action.").

Although YPP contends that the significant difference in the identity of the parties precludes a finding of substantial overlap, the Court finds this argument unpersuasive. Here, the validity of the trademark and the pattern of marketing involving YPP were raised in the first suit. In addition, YPP received a cease-and-desist letter that clearly threatened litigation. Because YPP's involvement was clear from the beginning, the Court

finds that United Wholesale's failure to name YPP initially does not eliminate the substantial overlap between these cases. The cases YPP relies on do not persuade the Court otherwise. *See Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 679 (M.D. Ala. 1998) (motion to transfer denied because different parties were named in each action and because the first court never acquired personal jurisdiction over two defendants); *Bronx Legal Servs. v. Legal Servs. Corp.*, 2000 U.S. Dist. LEXIS 10952, at *13 (S.D.N.Y. Aug. 4, 2000)(none of the plaintiffs in the second action was a party to the first action). For these reasons, the Court rejects YPP's argument that the lack of identity of the parties precludes a finding of substantial overlap.

In short, the first-filed principle and the interests of justice and judicial economy dictate that this Court must transfer this case to the Northern District of Illinois, so that it may determine whether to consolidate the cases, or allow them both to proceed. *See Cadle*, 174 F.3d at 606 (once district court found issues might substantially overlap, proper course of action is to transfer to the first-filed court).

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the motions to transfer to the Northern District of Illinois. Because the Court grants the motions to transfer, it need not consider the

arguments pertaining to personal jurisdiction, failure to state a claim, and *forum non conveniens*.

New Orleans, Louisiana, this 23rd day of July, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE